*William J. McArthur* for United States Fidelity and Guaranty Company, respondent.

*Murray L. Jacobs* for Manufacturers Trust Company, respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Not voting: CRANE, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD WESTCOATT, Appellant.

*Crimes — receiving stolen property — judgment of conviction affirmed.*

*People* v. *Westcoatt*, 219 App. Div. 807, affirmed.

(Argued May 10, 1927; decided May 31, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1927, which affirmed a judgment of the Court of General Sessions of the county of New York, rendered upon a verdict convicting the defendant of the crime of criminally receiving stolen property in the first degree.

*Clark L. Jordan* for appellant.

*Joab H. Banton, District Attorney (Edwin B. McGuire* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of FRANK P. KEENAN, Appellant, against FREDERICK S. GREENE, State Superintendent of Public Works, et al., Respondents.

*Civil service — veterans — abolishment of position held by veteran of Spanish-American War — mandamus to compel reinstatement properly denied.*

*Matter of Keenan* v. *Greene*, 216 App. Div. 775, affirmed.

(Submitted May 13, 1927; decided May 31, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial

department, entered March 12, 1926, which unanimously affirmed an order of Special Term denying a motion for an order of mandamus to compel reinstatement of the petitioner in office in the Department of Public Works. The petitioner, a veteran of the Spanish-American War, held the position of Superintendent of Terminals in that department, a position in the competitive class of the civil service, for which he had passed a competitive examination, and been duly certified for appointment. Upon the general reorganization of the Department of Public Works his position was abolished and the duties thereof transferred to others. Petitioner contended that his removal from office and failure to transfer him to such branch of the service as he was fitted to fill was illegal.

*Rosalie Ulrich* and *Milton M. Eisenberg* for appellant.

*Albert Ottinger, Attorney-General* (*Patrick H. Clune* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

In the Matter of the Estate of JOHN H. WHITE, Deceased. JOHN W. WHITE et al., as Executors, Appellants; MELISSA B. WHITE, Respondent.

*Will — dower — construction of provision of will giving to widow a sum equal to her dower right in real and personal estate.*

*Matter of White*, 219 App. Div. 502, affirmed.
(Argued May 12, 1927; decided May 31, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 10, 1927, which reversed a decree of the Schenectady County Surrogate's Court construing so much of the will of John H. White, deceased, as provided: " I give and bequeath to my wife, Melissa Bame White, a sum equal to her dower right, in both my real and personal